IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL GOOD dba CASTLE ROCK VINEYARDS,<br><br>          Plaintiff,<br><br>    v.<br><br>NIPPON YUSEN KAISHA; NYK LINE (NORTH AMERICA) INC.,<br><br>          Defendants. | 1:12-CV-01882-AWI- MJS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br><br><br>[Documents # 21, 23, 28] |

## BACKGROUND

On November 15, 2012, Plaintiff Al Good dba Castle Rock Vineyards filed a complaint for damages. The first cause of action alleges a claim for relief based on the United States Carriage of Goods By Sea Act (COGSA) for Defendants' (Nippon Yusen Kaisha and NYL Line (North America) Inc.) improper stowage and handling of grapes during international shipping, leading to damaged cargo that was significantly reduced in commercial value and unfit for its intended use. The second cause of action alleges that Defendants breached the standard of care of common carriers under California Civil Code §2168 and 48 U.C.S.C. Appx. §1702 of The Shipping Act of 1984 by failing to use the utmost care and skill called for in transporting cargo without loss or damage and avoiding harm to the cargo and Plaintiff's economic interest. The

third cause of action alleges breach of contract by Defendants for failing to keep Plaintiff's refrigerated cargo properly stowed and adequately cooled as Plaintiff alleges Defendants were bound to do under the sea waybills' terms and the shipping agreement's bill of lading.

On January 3, 2013, Defendants filed an answer to the complaint asserting 14 affirmative defenses, including improper venue.

On February 20, 2013, Plaintiff filed an amended complaint. On April 1, 2013, Defendants filed an answer to the amended complaint, again asserting 14 affirmative defenses including improper venue.

On April 22, 2013, Defendants filed a motion to dismiss the complaint. Defendants contend that venue is improper in this court because a forum selection clause in the sea waybills mandates that any action against the Carrier, Nippon Yusen Kaisha or any entity who performs or undertakes the carriage, must be brought in the Tokyo District Court of Japan under Japanese law.

On May 6, 2013, Plaintiff filed an opposition to the April 22, 2013 motion to dismiss. Plaintiff contends that the April 22, 2013 motion to dismiss based on improper venue should be denied because Defendants waived the forum selection and choice of laws clause in the sea waybills by failing to comply with Japanese civil procedure requirements. Plaintiff also contends that the forum selection clause is unenforceable under U.S. law on grounds of public policy, unreasonableness, overreaching, and the lack of applicability of the Himalaya clause in the sea waybill to Defendant NYK Lines (North America) Inc.

On May 13, 2013, Defendants filed a reply to Plaintiff's opposition to the April 22, 2013 motion to dismiss. Defendants contend that they did not waive their improper venue defense because they asserted it in their answer to the amended complaint. Defendants also contend that the forum selection clause at issue here is not unreasonable because litigation in Japan would not violate public policy, the Tokyo District Court is not a gravely inconvenient or difficult forum, and Defendants did not engage in overreaching. Further, Defendants contend that Defendant

2

NYK Lines (North America) Inc. is entitled to invoke the forum selection clause under the sea waybills' Himalaya clause.

## LEGAL STANDARD

**Rule 12(b)(3)**

Rule 12(b)(3) of the Federal Rules of Civil Procedure governs a motion to dismiss premised on enforcement of a forum selection clause. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Dismissal based on a forum selection clause is treated like a dismissal for improper venue under Rule 12(b)(3). See Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V., 114 F.3d 848, 851 (9th Cir.1997). As this motion to enforce a forum selection clause is made pursuant to Rule 12(b)(3), this court does not need to accept the pleadings as true and may consider facts outside of the pleadings. Argueta, 87 F. 3d 324; see also Richards v. Lloyd's of London, 135 F.3d 1289, 1292 (9th Cir. 1998).

## ALLEGED FACTS

The complaint alleges that in 2011, Plaintiff Al Good dba Castle Rock Vineyards entered into a contract of affreightment with Defendant Nippon Yusen Kaisha for the carriage of Plaintiff's grapes to overseas markets. Defendant Nippon Yusen Kaisha is an international shipping company with a principal place of business in Tokyo, Japan. Defendant NYK Line (North America), Inc., a corporation with a principal place of business in Seacaucus, New Jersey and facilities in California, was also involved in the freight contracts.

The shipping contract between Plaintiff and Defendants, recorded in several sea waybills, included the carriage of grapes to overseas markets. This included the transport of several varieties of table grapes to Vietnam. The complaint alleges that Defendants agreed to provide container transportation of the grapes and vessel space on its ships to destinations at rates specified in the non-negotiable sea waybills that Defendants issued.

The complaint alleges that in November 2011, Defendants undertook the transport of Plaintiff's grapes to Vietnam. Approximately 14 containers were shipped in total. The

complaint alleges that six containers were shipped on or about November 15, 2011. These containers were estimated to arrive in Vietnam on December 10, 2011, but they did not arrive until December 27, 2011. Eight containers were to be shipped on November 21, 2011 with an estimated arrival date of December 17, 2011. The eight containers arrived in Vietnam on December 23, 2011.

The complaint alleges that upon arrival in Vietnam, grapes in at least 12 of the 14 containers suffered from dehydration, decay and rot development, stem browning, mold, and other deteriorated conditions. The complaint alleges that these conditions were caused or exacerbated by one or a combination of the following; improper stowage on the vessels; excessive temperatures in transit; lengthy delays that caused Plaintiff's goods to be in transit longer than expected; transport of the grapes in a commercially unacceptable manner. The complaint alleges that the damages to the grapes noted on arrival confirms such improper transportation.

## DISCUSSION

**Forum Selection Clause**

Defendants contend that this action must be dismissed because the claims asserted in this action are subject to a valid and enforceable forum selection clause that selects a different forum (the District Court of Tokyo, Japan). Plaintiff contends dismissal is not appropriate because Defendants waived the forum selection clause and because the forum selection clause at issue is unenforceable under U.S. law due to public policy issues, unreasonableness, overreaching, and lack of applicability of the Himalaya clause in the sea waybill to Defendant NYK Lines (North America) Inc.

Parties may use forum selection clauses to designate the forum in which any litigation is to take place, and litigation commenced elsewhere may be subject to dismissal for improper venue. See Carnival Cruise Lines v. Shute, 499 U.S. 585 (1991); see also TAAG Linhas Aereas de Angola v. Transamerica Airlines, 915 F.2d 1351 (9th Cir.1990). The validity and effect of a

forum selection clause is controlled by federal standards.  See Argueta, 87 F.3d at 324; Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir.1988).

A forum selection clause is "prima facie valid" and should not be set aside unless the party challenging enforcement demonstrates that the clause is "invalid" or that its enforcement would be "unreasonable" under the circumstances.  The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972); see also Carnival Cruise Lines, 499 U.S. at 589; Argueta, 87 F.3d at 324-25.  Foreign forum selection clauses in international agreements have often been upheld in shipping contracts.  See Bremen, 407 U.S. at 13-14; see also Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp., 130 S. Ct. 2433, 2440 (2010); Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 537(1995) (upholding foreign arbitration clause); Kelso Enterprises, Ltd. v. M/V Wisida Frost, 8 F. Supp. 2d 1197, 1203-04 (C.D. Cal. 1998).  A forum selection clause should be upheld unless it is found to be unjust or unreasonable.

> In evaluating whether enforcement of a forum selection clause would be unjust or unreasonable, the court must consider the following three factors: (1) was the clause included in the agreement as the result of fraud or overreaching; (2) would the party wishing to repudiate the clause be effectively deprived of its day in court if the clause is enforced; and (3) does enforcement of the clause contravene a strong public policy of the state in which suit is brought.

Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir.2004) (citing Bremen, 407 U.S. at 12-13).

### *A. Forum Selection Clause at Issue*

The forum selection clause at issue is found in the third clause of the terms and conditions of the sea waybill. The terms and conditions can be found on Nippon Yusen Kaisha's website in PDF form. The clause states:

> The contract evidences by or contained in the Bill shall be governed by Japanese law except as may be otherwise provided herein. Notwithstanding anything else contained in this Bill or in any other contract, any and all actions against the Carrier in respect of the Goods or arising out of the Carriage shall be brought before the Tokyo District Court in Japan to the exclusion of the jurisdiction of any other courts.

See Exhibit E, Declaration of Daniel Sheehy in Support of the Motion to Dismiss Pursuant to Contractual Forum Selection Clause.

**B. *Mandatory/Permissive Forum Selection Clauses***

A forum selection clause will be enforced where venue is specified with mandatory language. See Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir.1989). However, if a forum selection clause's language is not mandatory, the forum selection clause will be perceived as permissive and will not preclude suit elsewhere. See Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817, 75, 77 (9th Cir. 1987).

"When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." Docksider, 875 F.2d at 764. A forum selection clause must contain additional language mandating a particular venue to be the exclusive one or mandatory language requiring the case be litigated in only one forum. See Bremen, 407 U.S. at 2, 20.

The forum selection clause at issue here is mandatory. It states that "any and all actions" against the carrier regarding the goods and transport in question shall be brought before the Tokyo District Court of Japan "*to the exclusion* of the jurisdiction of any other courts." See Exhibit E, Declaration of Daniel Sheehy in Support of the Motion to Dismiss Pursuant to Contractual Forum Selection Clause (emphasis added). On its own, the phrase "shall be brought before the Tokyo District Court of Japan" could be construed as permissive rather than mandatory.[1] However, when the sentence is read as a whole, it is clear the language designating the forum selection clause is mandatory because it excludes the jurisdiction of any other court. A mandatory clause is one where jurisdiction is exclusive. See Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995); Hunt Wesson Foods, Inc., 817 F.2d 75, 76 (9th Cir. 1987).

---

[1] For example, in Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034 (9th Cir. 1995), a forum selection clause was found to be permissive because, although the clause did state that arbitration awards could be enforced in the San Francisco Superior Court, the clause did not make this venue the *exclusive* forum. Id. at 1036-37.

*C. Whether Defendants Waived the Forum Selection Clause*

Plaintiff contends that Defendants have waived the forum selection clause and the choice of law clause in the sea waybill terms by failing to comply with Japanese civil procedure rules. See Plaintiff's Opposition to Motion to Dismiss. Plaintiff contends that by refusing to produce records of temperature logs during the shipping of his grapes, Defendants have waived the choice of law and forum selection clauses mandating that the case be litigated under Japanese law in the Tokyo District Court of Japan. According to Plaintiff, Japan's Code of Civil Procedure allows a prospective plaintiff to request the production of any document obviously necessary for preparing allegations or proof should the action actually be filed and gives defendants very limited reasons to refuse to respond. See Exhibit A of Declaration of Stephen R. Cornwall in Opposition to Motion to Dismiss. Therefore, according to Plaintiff, Defendants waived the clause by disregarding Japanese law and refusing to comply with Plaintiff's requests for Defendants' temperature logs.

Plaintiff cites no statute or case law to support his position that Defendants' failure to follow the law of a mandatory choice of law and forum selection clause is grounds to not enforce the clause. Further, while parties' conduct can waive choice of law provisions in an agreement, this waiver of choice of law does not in turn waive forum selection clauses in the same agreement. See Ellison Framing, Inc. v. Zurich Am. Ins. Co., 805 F. Supp. 2d 1006, 1011 n.1 (E.D. Cal. 2011). Therefore, even if Defendants have waived the choice of law provision by not following Japanese law, this does not mean that they have waived the forum selection clause. Plaintiff has failed to meet his burden to show the forum selection clause should not be enforced.

*D. Whether Circumstances Exist Making the Forum Selection Clause Unenforceable*

Plaintiff contends that the forum selection clause at issue here is unenforceable on the grounds of public policy, unreasonableness, overreaching, and the lack of applicability of the Himalaya clause in the sea waybill to Defendant NYK Line (North America) Inc. Defendants contend that Plaintiff has failed to show that enforcement of the forum selection clause would be unreasonable under the circumstances because public policy would not be violated by dismissal

7

in favor of a Japanese forum. Defendants also contend that Tokyo is not a gravely difficult or inconvenient forum and that there is no evidence of overreaching on Defendants' part. Further, Defendants contend that NYK Lines (North America) Inc. is entitled to invoke the forum selection clause in the waybill because NYK Lines (North America) Inc. is an agent of the Carrier, Defendant Nippon Yusen Kaisha.

Forum selection clauses are prima facie valid and will not be set aside unless the party challenging the enforcement of the clause can show that it is unreasonable under the circumstances. See Bremen, 407 U.S. at 10. Courts have construed this exception to forum selection enforcement narrowly. See Argueta, 87 F.3d at 325. A forum selection clause is unreasonable if:

> (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

Id. (internal quotation marks and citations omitted).

A forum clause should be enforced, "absent a strong showing it should be set aside." Bremen, 407 U.S. at 15. To establish that the clause is unreasonable for inconvenience, Plaintiffs bear the "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court. Argueta, 87 F.3d at 325.

### *1. Public Policy Grounds*

Plaintiff argues that this dispute is an "essentially American controversy" and that enforcement of a forum selection clause in the remote forum of Japan goes against public policy. See Plaintiff's Opposition to Motion to Dismiss. Plaintiff contends that it contravenes public policy to enforce the Japanese forum selection clause of the sea waybills because Japan's maritime conventions are inconsistent with American maritime conventions. In addition, Plaintiff contends Japanese civil procedure differs from American civil procedure rules to an extent that Plaintiff would be deprived of his discovery rights.

### a. Selection of a Remote Forum

Plaintiff contends that the forum selection clause mandating litigation occur in Tokyo, Japan should be held unenforceable because, with the exception of one of the corporate defendants, "Japan has no connection with this dispute at all." See Plaintiff's Opposition to the Motion to Dismiss. Defendants contend that because Defendant Nippon Yusen Kaisha is a citizen of Japan, Tokyo is not a remote alien forum.

As noted above, a forum clause should be enforced, "absent a strong showing it should be set aside" and plaintiffs bear a "heavy burden" to clearly show that the presumption of enforceability of a forum selection clause has been overcome. Bremen, 407 U.S. at 10, 15. Here, a connection to Japan exists in the citizenship of Defendant Nippon Yusen Kaisha. See Plaintiff's First Amended Complaint. Further, the dispute is an international controversy. It is not an essentially American controversy. This is because the grapes at issue were shipped abroad from the United States to Vietnam via an international carrier. See Plaintiff's First Amended Complaint. Therefore, Plaintiff has not met his heavy burden of showing that the forum selection clause should be found unenforceable because Japan is a remote forum disconnected from an "essentially American" dispute.

### b. Japanese Maritime Law

In the United States, every bill of lading (evidence of a contract for the carriage of goods by sea) to or from parts of the United States in foreign trade is governed by the Carriage of Goods by Sea Act (COGSA). 46 U.S.C. §1300. Japan governs bills of lading terms through the International Carriage of Goods by Sea Act, 1957 of Japan (ICOGSA). See Itel Container Corp. v. M/V Titan Scan, 139 F.3d 1450, 1454 (11th Cir. 1998). Both American and Japanese COGSAs are based on the Hague Rules, an international convention made to achieve uniformity in bills of lading for international shipping. See Sky Reefer, 515 U.S. at 536. Both American COGSA and other countries' carriage of goods on the sea acts are "in most pertinent respects simply the 1924 Hague Rules." Union Steel Am. Co. v. M/V Sanko Spruce, 14 F. Supp. 2d 682, 691 (D.N.J. 1998) (citing Sun Oil Co. of Pa. v. M/T Carisle, 771 F.2d 805, 810 (3d Cir.1985)).

In foreign forum disputes regarding COGSA, the question is not whether the foreign forum will apply COGSA itself, but "whether the substantive law to be applied will reduce the carrier's obligations to the cargo owner below what COGSA guarantees." Sky Reefer, 515 U.S. at 538. A forum selection clause will not be enforced if enforcement of the clause contravenes public policy. See Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009). In regard to foreign choice of law and forum selection clauses, the proper standard for determining if unfairness is present is "whether the application of the foreign law presents a danger that the plaintiffs 'will be deprived of any remedy or treated unfairly' . . . the contractual choice of forum is not to be set aside merely because the foreign law may be different or less favorable than that in the United States." Talatala v. Nippon Yusen Kaisha Corp., 974 F. Supp. 1321, 1327 (D. Haw. 1997) (citing Roby v. Corporation of Lloyd's, 996 F.2d 1353, 1363 (2nd Cir. 1993)). Courts have upheld foreign forum selection clauses despite speculation that foreign courts might reduce COGSA liability. See generally Kawasaki Kisen Kaisha, 130 S. Ct. 2433, 2441 (2010); Fireman's Fund Ins. Co. v. M.V. DSR Atl., 131 F.3d 1336, 1339-40 (9th Cir. 1997); see also M/V Sanko Spruce, 14 F. Supp. 2d 682, 691 (D.N.J. 1998).

In regards to Japan specifically, courts have upheld foreign forum selection clauses despite the speculation that COGSA liability might be reduced. See Kawasaki Kisen Kaisha, 130 S. Ct. 2433 (2010); see also Mazda Motors of Am., Inc. v. M/V COUGAR ACE, 565 F.3d 573, 581 (9th Cir. 2009); Talatala, 974 F. Supp. 1321, 1327 (D. Haw. 1997). For example, in Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, the Supreme Court upheld a foreign arbitration clause in a bill of lading mandating that arbitration take place in Tokyo, Japan. See 515 U.S. at 537. The Court found that "mere speculation" that Japanese law rather than American law might be applied and might reduce the respondents' legal obligations did not "in and of itself lessen liability under COGSA § 3(8)." See id. "Skepticism over the ability of foreign [courts] to apply COGSA or the Hague Rules ... must give way to contemporary principles of international comity and commercial practice." M/V Wisida Frost, 8 F. Supp. 2d 1197, 1203-04 (C.D. Cal. 1998) (citing Sky Reefer, 515 U.S. at 537). Further, in Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit

Corp., the Supreme Court upheld a Japanese forum selection clause requiring any dispute to be governed by Japanese law in the District Court of Tokyo, Japan. See 130 S.Ct. at 2439, 2449. Kawasaki Kisen Kaisha primarily dealt with the applicability of the Carmack Amendment to the inland portion of an international shipping and rail contract. However, the Court also held that despite COGSA concerns, forum selection clauses, which are "an indispensable element in international trade, commerce, and contracting," should generally be enforced and that Japanese law should govern in the mandated forum of Tokyo. Id. at 2448.

Here, the possible differences in Japanese and American maritime law do not make the forum selection clause unenforceable on public policy grounds. The terms of the sea waybill do not attempt to waive COGSA liability if applicable and mere speculation that the Japanese Courts will not enforce Defendants' obligations under COGSA is not enough to invalidate the forum selection clause at issue.

The Clause Paramount of the Sea Waybill states that the Bill is:

> "subject to the provisions of the International Carriage of Goods by Sea Act, 1957 of Japan ... unless it is adjudged that any other legislation ... including without limitation, The Carriage of Goods by Sea Act, 1936, of the United States ... compulsorily applies to this Bill, on all the Carriage to or from the United States of America ... this Bill shall have effect subject to US COGSA."

See Exhibit E, Declaration of Daniel Sheehy in Support of the Motion to Dismiss.[2] The Clause Paramount does not necessarily lessen carrier obligations under COGSA. It states that should COGSA be found applicable, then effect shall be given to the applicable COGSA provisions. Further, given the forum selection clause, the applicability of COGSA to Plaintiff's actions is to be determined by a Japanese court.[3] The Court finds that in light of the prevalence of

---

[2] Plaintiff has filed objections to the Declaration of Daniel Sheehy, provided by Defendant. Plaintiff contends that certain statements are conclusory. The Court finds that these statements provide information and are not legal conclusions. Plaintiff also claims that other statements in the Sheehy Declaration referring to the terms of the sea waybill are inadmissible hearsay. However, as the sea waybill in question is before the Court, the Court may look to the terms of the document itself and does not need to reach the issue of hearsay.

[3] In Kelso Enterprises, Ltd. v. M/V Wisida Frost, an English forum selection clause was found valid even though COGSA applicability was to be determined by an English court. The court held that "if COGSA applies, an English court can apply the law of COGSA to Plaintiffs' action as well as this Court." Citing the Supreme Court in Sky Reefer, the court noted that

international trade and commerce today, the ability of foreign courts to apply COGSA or the Hague Rules should be respected. Given the purposes of the Hague Rules (which both COGSA and ICOGSA are modeled on) it is not for this court to "disparage the authority or competence of international forums for dispute resolution." Sky Reefer, 515 U.S. at 537.

### c. Discovery Issues

Plaintiff also contends that given the differences in Japanese civil procedure, the Tokyo forum selection clause should not be enforced because of public policy. Plaintiff asserts that Japan has no enforceable discovery to prepare for trial and that Plaintiff would be deprived of "significant rights that American procedures secure for litigants in American courts." See Plaintiff's Opposition to the Motion to Dismiss. However, prior American decisions have upheld forum selection clauses mandating suits in Japan despite the differences in law. See Kawasaki Kisen Kaisha, 130 S. Ct. 2433 (2010); Mazda Motors, 565 F.3d at 581; Talatala, 974 F. Supp. at 1327; Abbott Laboratories v. Takeda Pharm. Co. Ltd., 05 C 3758, 2006 WL 539341 (N.D. Ill. 2006) aff'd, 476 F.3d 421 (7th Cir. 2007). American courts have found that "though the Japanese process … is more restrictive than that of this Court, there is no question that Japanese law has provisions for the production of documents, depositions and interrogatories." Abbott Laboratories, 2006 WL 539341; see also U.S.O. Corp. v. Mizuho Holding Co., No. 06 CV 0459, 2007 WL 2893628, at *5 (N.D. Ill. Sept. 27, 2007) (citing Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 768 (9th Cir. 1991) (finding that different discovery procedures than those utilized in the United States did not render Japan an inadequate forum)), aff'd 547 F.3d 749, 754 (7th Cir. 2008). Further, the Court finds that the fact that the Japanese discovery process is less expansive than that of the United States is not a basis for disregarding a forum selection clause. As discovery methods do exist in Japan, the forum selection clause will not be set aside on public policy grounds.

---

"skepticism over the ability of foreign [courts] to apply COGSA or the Hague Rules ... must give way to contemporary principles of international comity and commercial practice." 8 F. Supp. 2d 1197, 1203-04 (C.D. Cal. 1998).

Given the international nature of this dispute, the principle of international comity, and the availability of discovery in the Japanese legal system, Plaintiff has failed to demonstrate that the forum selection clause at issue here should be found unenforceable due to public policy concerns.

### *2. Unreasonableness*

Plaintiff contends that the forum clause should not be enforced because it would be unreasonable to apply it. Plaintiff argues that the Japanese forum selection clause is unreasonable because litigation in Japan is so gravely difficult and inconvenient that Plaintiff will be, for all practical purposes, deprived of his day in court. Plaintiff contends that Japan has no nexus to this controversy, that the balance of conveniences weighs in favor of litigating in the United States, and that the forum selection clause is not vital to the agreement.

a. Gravely Difficult

A forum selection clause may be found unenforceable if litigation "in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." Argueta, 87 F.3d at 325; see also Pelleport Investors v. Budco Quality Theatres, 741 F.2d 273, 281 (9th Cir.1984). As discussed above, the plaintiff bears a heavy burden in showing unreasonableness. Argueta, 87 F.3d at 325. The Supreme Court has construed unreasonableness in regards to forum selection clauses narrowly. See id. Plaintiff contends that because he has never litigated in Japan and would bear unusual and significant expenses to litigate in Japan, it would be unreasonable to enforce the forum selection clause. However, "serious inconvenience" to a party does not meet "the 'heavy burden of proof' required to reject enforcement of the forum clause." Fireman's Fund Ins. Co. v. M.V. DSR Atlantic, 131 F.3d 1336, 1338 (9th Cir. 1997) (internal citations omitted). For example, in Fireman's Fund, the serious inconvenience of litigating in the mandated forum of Korea did not render a forum selection clause unreasonable. See id.

Greater cost does not render a chosen forum unreasonable. There must be something more than an increase in litigation costs. For example, in Murphy v. Schneider National, Inc., the

13

1   combination of financial impossibility and medical limitations effectively denied the plaintiff his
2   day in court in the mandated forum, leading the Ninth Circuit to find a forum selection clause
3   unreasonable. See 362 F.3d 1133, 1143 (9th Cir. 2003). Here, Plaintiff has not met the heavy
4   burden of showing that he would be denied a meaningful day in court if he is required to litigate
5   in Japan.

            b. Nexus to Japan

7   Plaintiff contends that Japan has no nexus to this controversy. However, as noted above,
8   Defendant Nippon Yusen Kaisha is a Japanese company. Further, the grape spoilage took place
9   during a voyage to Asia and was discovered upon arrival in Vietnam. See Plaintiff's First
10  Amended Complaint. Forum selection clauses should be honored "absent some compelling and
11  countervailing reason." Bremen, 407 U.S. at 12. The United States may, as Plaintiff contends,
12  have the most connections to this controversy. However, given the presumption of courts in
13  favor of enforcing forum selection clauses and the presence of connections to Asia and
14  specifically Japan, the forum selection clause is not unreasonable due to lack of connections to
15  Japan.

### *3. Overreaching*

17  Plaintiff contends that the forum selection clause should be found unreasonable because
18  of Defendants' overreaching. Plaintiff contends that although he received scanned copies of the
19  front page of the sea waybills (which states in small print that the terms of the sea waybills are
20  available at Defendants' website), he was not informed and had no actual knowledge of the
21  forum selection clause. See Plaintiff's Opposition to Motion to Dismiss. Plaintiff notes that in
22  order to access the terms of the sea waybills online, one must navigate Defendants' website in
23  order to find a variety of bills of lading and sea waybills. See Plaintiff's Opposition to Motion to
24  Dismiss.

25  Plaintiff states that he did not personally negotiate the contract with Defendants. Rather,
26  Plaintiff used a freight forwarder, Coppersmith. Coppersmith negotiated the contract and then
27  sent scans of the sea waybills' front pages to Plaintiff, a common practice in the shipping

14

community. Coppersmith did not scan and send the terms and conditions on the reverse side of the waybills. Therefore, Plaintiff contends that he was not personally informed of the forum selection clause and had no actual knowledge of the provision. See Plaintiff's Opposition to Motion to Dismiss; Lutz Declaration.

Adequate notice rather than actual notice is required for the terms of bills of lading. See Royal Ins. Co. v. Sea-Land Serv. Inc., 50 F.3d 723, 727 (9th Cir. 1995). "So long as the bill of lading has all the necessary information, the shipper, or any other interested party, has the means of learning everything it may wish to know about the terms of the transaction." Id. (citing Carman Tool v. Evergreen Lines, 871 F. 2d 897, 901 (9th Cir. 1989)). It is true that a party may be "excused from the terms of a contract where he never had access to the contract and thus could not make himself aware of its terms. Schwartz v. Comcast Corp., 256 Fed. App'x 515, 520 (C.A.3 (Pa.)) (3d Cir. 2007) [2007 WL 4212693]. However, the Court finds the reference to the website's specific terms was sufficient. "Incorporation by reference can include not only referenced paper documents but electronic documents as well." Bruner & O'Connor on Construction Law, § 3:32. For example, in Schwartz, the court found that the terms of a contract were binding because they were available online, even though Schwartz was unaware of them. See id. The court found access to the contract terms existed. See id. Further, in One Beacon Ins. Co. v. Crowley Marine Servs., Inc., the Fifth Circuit found that online terms and conditions for a repair service order were binding because there was notice of the terms and conditions. See 648 F.3d 258, 269-70 (5th Cir. 2011).

Defendants' notice that its sea waybill terms are available online appears to be skirting the edge of what is permissible in providing notice of contract terms. However, the Court finds it is not overreaching. Plaintiff received scanned front pages of the sea waybills informing him that the terms of the waybill were available online. Plaintiff had the means of learning about the forum selection clause. As in Schwartz, Plaintiff had access to the waybill terms. Therefore, Plaintiff has not met the burden of proof of showing overreaching on the part of Defendants. The forum selection clause is not unenforceable due to overreaching.

15

### *4. The Himalaya Clause*

A Himalaya clause is a provision in a bill of lading or sea waybill that extends the bill's defenses and limitations on liability to parties that sign subcontracts to perform services contemplated by the bills. See Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14 (2004).

The terms of the sea waybills at issue here contain a Himalaya clause. See Exhibit E, Declaration of Daniel Sheehy in Support of Motion to Dismiss. Plaintiff contends that Defendant NYK Line (North America) Inc. is not an agent of Defendant Nippon Yusen Kaisha but rather the carrier. See Plaintiff's Amended Complaint. Therefore, Plaintiff contends that Defendant NYK Line (North America) Inc. may not invoke the sea waybill's forum selection clause because the Himalaya clause of the sea waybill does not apply to NYK Line (North America) Inc. See Plaintiff's Opposition to Motion to Dismiss.

General contract principles are used to determine the coverage of a Himalaya clause because "a bill of lading is a contract like any other." Starrag v. Maersk, Inc., 486 F.3d 607, 616 (9th Cir. 2007). "The Supreme Court has rejected a rule of narrow construction for Himalaya clauses, holding that the plain language of such a clause is the best evidence of the parties' understanding of which other entities may invoke the carrier's contractual defenses." Mazda Motors, 565 F.3d at 577 (9th Cir. 2009) (citing Kirby, 543 U.S. at 31-32). Himalaya clauses are to be "strictly construed and limited to intended beneficiaries." Akiyama Corp. of Am. v. M.V. Hanjin Marseilles, 162 F.3d 571, 573 (9th Cir.1998) (citing Certain Underwriters at Lloyds' v. Barber Blue Sea Line, 675 F.2d 266 (11th Cir.1982) and Robert C. Herd & Co. v. Krawill Machinery Corp., 359 U.S. 297, 305 (1959)). In determining whether an entity benefits from a Himalaya clause, "the proper test is to consider the nature of the services performed compared to the carrier's responsibility under the carriage contract." Akiyama, 162 F.3d at 574 (internal citation omitted).

For example, in Mazda Motors, the Ninth Circuit found that the term "Sub-contractor" in the Himalaya clause was broad enough to include the defendant vessel. See 565 F.3d at 578.

16

The plaintiffs in Mazda argued that the defendant vessel could not invoke a bill of lading's forum selection clause because the forum selection clause only applied to the carrier. See id. at 576. The bill of lading contained a Himalaya clause, extending the benefits and defenses in the bill of lading to "any servant, agent, or subcontractor" and "anyone assisting the performance of the Carriage". Id. at 577. Using the rule from Kirby, that "the plain language of such a clause is the best evidence of the parties' understanding of which other entities may invoke the carrier's contractual defenses", the court found that the Himalaya clause applied to the defendant vessel. Id. at 577, (citing Kirby, 543 U.S. at 31-32). Therefore, as a Himalaya clause beneficiary, the defendant could invoke the forum selection clause of the bill of lading. See id. at 574.

      Further, in Akiyama, the Ninth Circuit found that a Himalaya clause in a bill of lading extended all benefits of the bill of lading to the defendants, a terminal operator and stevedore. See 162 F.3d at 573-74. The Himalaya clause stated that it covered "every servant, agent, and subcontractor." Id. at 573. The court held that "the proper test is to consider "the nature of the services performed compared to the carrier's responsibility under the carriage contract.'" Id. at 574, (citing Taisho Marine & Fire Ins. Co., Ltd. v. Vessel Gladiolus, 762 F.2d 1364, 1367 (9th Cir. 1985)). The court held that the "plain reading and clear intent of the bill of lading and Himalaya clause" was to extend benefits to the defendants as agents of the carrier. Id. at 574.

      Here, the Himalaya clause provides that:

> (1)The Carrier shall be entitled to sub–contract the Carriage on any terms whatsoever...(2) The Merchant undertakes that no claim or allegation shall be made against any Person whomsoever by whom the Carriage is performed or undertaken (including all Sub-Contractors) . . . Without prejudice to the foregoing, every such Person shall have the benefit of every Defence available to the Carrier including Article 3 hereof as if such provisions were expressly for his benefit; and in entering into this contract, the Carrier, to the extent of these provisions, does so not only on his own behalf but also as agent and trustee for such Person.

See Exhibit E, Declaration of Daniel Sheehy in Support of Motion to Dismiss. As Article 3 of the sea waybill is the forum selection and choice of law clause, the Himalaya clause of the contract clearly extends the waybill's forum selection clause to beneficiaries of the clause.

NYK Lines (North America) Inc. is an agent of the carrier Nippon Yusen Kaisha and therefore a beneficiary of the clause. The fact that NYK Lines (North America) Inc. is an agent of Nippon Yusen Kaisha is evidenced by the sea waybills for this contract. Each sea waybill states "SIGNED BY: NYK LINE (NORTH AMERICA) INC. *as agent for* and on behalf of NIPPON YUSEN KAISHA (NYK LINE), AS CARRIER." See Exhibits A, B, C, D, Declaration of Larry Lutz in Opposition to Motion to Dismiss; Exhibits A, B, C, D of Declaration of Daniel Sheehy in Support of Motion to Dismiss (emphasis added). The Himalaya clause to the sea waybills refers to "any Person . . . other than the Carrier" who undertakes carriage. Here, the terms of the sea waybill clearly state that Nippon Yusen Kaisha is the carrier.

Based on a plain reading of the Himalaya clause and the language used in the sea waybill signed by NYK Line (North America) Inc. as an agent of Nippon Yusen Kaisha, it is clear that NYK Line (North America) Inc. is an entity undertaking carriage of the goods for the Carrier Nippon Yusen Kaisha. Therefore, the Himalaya clause extends the benefits of the forum selection clause to Defendant NYK Line (North America) Inc.

## CONCLUSION AND ORDER[4]

Accordingly, based on the above memorandum opinion, the Court grants the Defendants' motion to dismiss for improper venue because a valid forum selection clause applies to the sea waybills at issue here.

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED.

IT IS SO ORDERED.

Dated:   June 11, 2013

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SENIOR  DISTRICT  JUDGE

---

[4] Plaintiff contends that should the forum selection clause be found unenforceable, this court should apply traditional *forum nonconveniens* standards to determine the proper forum. See Plaintiff's Opposition to the Motion to Dismiss at 9-10. Because this court finds that the forum selection clause is valid, the *forum nonconveniens* standards need not be applied.